Eliza Anderson *vs*. Mary A. Lyons and others.

April Term, 1874.

JURISDICTION—JUDGMENT—SATISFACTION.—Chancery has jurisdiction to set aside the satisfaction of a judgment against the personal representative of a decedent, where the execution was levied upon the right, title, and interest of the personal representative in certain realty belonging to the decedent's estate, and the plaintiff in the execution bid the amount of the judgment at the sale.

*T. L. Dodd*, for complainant.
*M. M. Brien*, for defendant.

THE CHANCELLOR :—The complainant held the note of C. P. Lyons, given for a house and lot on Summer street in Nashville, and for the payment of which a lien was expressly reserved on the face of the deed conveying the property. Lyons died, and Mary A. Lyons qualified as administratrix of his estate. On the 26th of September, 1871, the complainant recovered a judgment, in the circuit court of Davidson county, on the note mentioned, against Mary A. Lyons, administratrix of C. P. Lyons, deceased, on which *fieri facias* issued, " to be levied of the goods and chattels, rights and credits in the hands of M. A. Lyons, administratrix of C. P. Lyons, to be administered." The *fieri facias* was returned : " Levied upon all the right, title, and interest that the administratrix had in the house and lot sold to C. P. Lyons, as aforesaid, there being no personal property, and too late to sell." A *venditioni exponas* issued, under which the land was sold on the 26th of April, 1872, as the property of " M. A. Lyons, administratrix of C. P. Lyons, deceased," and was bid off by the complainant for the amount of her judgment and costs.

'The bill is filed, among other things not material to be mentioned, to have the satisfaction of the judgment set aside, and to enforce the lien reserved for the security of the debt on the house and lot for which the note was given. The defendants demur upon the ground that the remedy is plain and unembarrassed at law, and under § 2990 of the Code, and that the complainant is not entitled to come into equity for relief.

The argument in support of the demurrer is that the defendant Mary A. Lyons did have a leviable interest in the property sold, and purchased by complainant, of which the complainant has never been deprived, and, *non constat*, that she may not recover the property. But it is too obvious for comment that, whatever interest Mary A. Lyons might, as an individual, have in said property, she had none in her capacity as administratrix, and could by no possibility have any. The execution issued against the goods and chattels, rights and credits of the estate in her hands to be administered, not against her or her property as an individual; and by the grossest carelessness and ignorance of the officer it was returned levied upon the title and interest that she, as administratrix, had in the house and lot, which was none at all. The levy and sale were simply void, and conveyed nothing whatever to the purchaser. It is not a question of defective title to the property sold under a valid levy and sale, which is the contingency provided for by the Code, but of a form of levy and sale which were absolutely void. In *Henry* v. *Keys*, 5 Sneed, 488, and *Crawford* v. *Roberts*, unreported case there cited, it was held that chancery would give relief where the sale was void. See, to same effect, *Smith* v. *Hinson*, 4 Heisk. 250. The sale in *Henry* v. *Keys* was made without notice to the tenant in possession, and was, consequently, void. In *Smith* v. *Hinson* the judgment debtor had no leviable interest in the land sold. Under such circumstances, and, *a fortiori*, where the levy itself is void upon its face, a preliminary suit under the Code, §§ 2990, 2996, to test title to the property sold would

be an idle and useless form. The jurisdiction of the court of chancery, in all cases where the object is to have an instrument or act declared void, is universally recognized.

The demurrer, failing to meet this material part of the bill, necessarily fails altogether.